FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES T., | No. 2:19-CV-0263-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 18, 19. Attorney Dana C. Madsen represents Charles T. (Plaintiff); Special Assistant United States Attorney Joseph J. Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in 2016, alleging disability since January 1, 2007, due to panic disorder and anxiety disorder. Tr. 175, 199. At the time of the administrative hearing, Plaintiff amended the alleged onset date to October 18, 2016, the protective filing date of

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

his disability application. Tr. 15-16. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Lori L. Freund held a hearing on July 12, 2018, Tr. 12-52, and issued an unfavorable decision on September 21, 2018, Tr. 796-806. The Appeals Council denied Plaintiff's request for review on May 31, 2019. Tr. 1-6. The ALJ's September 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 29, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on May 24, 1969, Tr. 33, and was 47 years old on the amended alleged disability onset date, October 18, 2016, Tr. 16. He completed one year of college and has past work as a cook and as a stocker. Tr. 33, 200. Plaintiff's disability report indicates he stopped working on May 1, 2001, because he was incarcerated and his condition became severe enough to keep him from working on January 1, 2007. Tr. 199. Plaintiff testified at the administrative hearing on July 12, 2018, that he had not attempted to look for work since he was released from incarceration in August of 2016, Tr. 27, and did not believe he was capable of performing any work, even a job where he was not required to work with the public or others, Tr. 32.

Plaintiff stated he had not been diagnosed with any physical conditions since 2016. Tr. 29. However, he had complained of pain and swelling in his hands, with use, since 2012. Tr. 40-42. He indicated his disability stemmed from symptoms of anxiety and panic attacks, which he experienced daily. Tr. 29-30, 35-36, 199. He stated he was stressed out, overwhelmed, and scared to be around people. Tr. 27. At the time of the administrative hearing, Plaintiff was attending counseling, Tr. 27-28, 38, and had been taking different medications for his mental health symptoms since 2007, Tr. 31, 33-34. He testified his current medication, Venlafaxine, helped his anxiety symptoms and panic. Tr. 34.

Plaintiff stated that during a regular day he watched television, listened to music, and visited with his sister and/or his mother. Tr. 28. He occasionally read and performed household chores such as vacuuming, doing laundry, cooking by microwave, and shopping (typically with his mother). Tr. 28, 36. He testified he also had friends with whom he communicated by phone, and he played solitaire on a computer, both alone and with his brother-in-law. Tr. 38, 40.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

///

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 21, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined by the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 18, 2016, the alleged disability onset date. Tr. 798.

At step two, the ALJ determined Plaintiff had the severe impairment of panic disorder with anxiety. Tr. 798.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 799.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations: he needs to work away from the general public, but can tolerate superficial interaction with coworkers and supervisors,

however, no tandem tasks can be performed; he can tolerate no over the shoulder type supervision, that is, he can be shown how to perform a task and then left to his own devices to perform that task; he should avoid fast-paced or timed production work; and he is capable of responding appropriately to occasional changes in the work setting.  Tr. 800.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work.  Tr. 804.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of collator, retail marker, and stock checker.  Tr. 804-805.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 18, 2016, the alleged disability onset date, through the date of the ALJ's decision, September 21, 2018.  Tr. 805-806.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review:  (1) Did the ALJ improperly discredit Plaintiff's symptom claims; (2) Did the ALJ fail to properly consider and weigh the opinion evidence; (3) Are the errors harmless and/or result in ancillary error; and (4) What is the proper remedy?  ECF No. 13 at 13; ECF No. 18 at 3.

## DISCUSSION

**A.   Plaintiff's Symptom Testimony**

Plaintiff argues the ALJ erred by discrediting his symptom claims.  ECF No. 13 at 13-14; ECF No. 18 at 3-6.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 801. The ALJ stated that while Plaintiff is certainly limited in functioning to some degree, it was not to the degree Plaintiff alleged. Tr. 804.

The ALJ first found the evidence of record demonstrated Plaintiff was not as limited as asserted. Tr. 801-804. An ALJ may discount a claimant's allegations if they conflict with the medical evidence of record. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (an ALJ may consider whether alleged symptoms are consistent with the medical evidence).

Plaintiff contends the record reflects the existence of his disabling anxiety and panic attacks over a long period of time. ECF No. 13 at 14. Plaintiff's opening brief indicates that records from June 9, 2008 to the time of his release from the Special Commitment Center in 2016, from his medical provider at Unify Clinic, from his counselors at Frontier Behavioral Health, and from his examination by Kayleen Islam-Zwart, Ph.D., corroborate his testimony concerning the frequency and description of his anxiety and panic. ECF No. 13 at 13-14.

The ALJ noted Plaintiff underwent psychotherapy and engaged in primary care encounters for his mental health impairments, beginning prior to the application date and continuing throughout the relevant time period. Tr. 802. The ALJ agreed that Plaintiff had the severe impairment of panic disorder with anxiety, Tr. 798; however, she found that Plaintiff, with this severe impairment, could still perform work away from the general public, as long as the work was not fast-paced and did not require tandem tasks or over the shoulder supervision, Tr. 800.

Plaintiff testified at the administrative hearing that he was stressed out, overwhelmed, and scared to be around people. Tr. 27. He stated he did not believe he was capable of performing any work, even a job where he was not required to work with the public or others, because he would "get so stressed out that [he was] going to have [a] heart attack." Tr. 32. However, contrary to Plaintiff's testimony, the ALJ cited the opinion of medical expert Marian Martin, Ph.D., who testified the record demonstrated only mild to moderate mental health symptoms, Tr. 23-24, given Plaintiff's panic disorder was in remission, such that Plaintiff discontinued medication for some period, Tr. 19-20, and that Plaintiff had learned coping strategies to manage his impairments, Tr. 20, 24. Tr. 802. The ALJ also assigned weight to the opinions expressed by state agency medical consultants Jan L. Lewis, Ph.D., and Dan Donahue, Ph.D., that Plaintiff could perform work with limited social interaction. Tr. 60, 72, 803. The ALJ accorded "some weight" to the pre-onset date[1] report of Kayleen Islam-Zwart, Ph.D., as well. Tr. 284-291, 803-804. Despite Plaintiff's contention that Dr. Islam-Zwart substantiates Plaintiff's assertion that he is disabled, *see infra*, Dr. Islam-Zwart's report notes normal findings on mental status exam, Tr. 287, 290-291, and only moderate restrictions, not marked or severe, with respect to Plaintiff's abilities to perform

---

[1] *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (medical opinions that predate the alleged onset of disability are of limited relevance).

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

basic work activity, Tr. 285. Furthermore, the ALJ indicated the record during the relevant period consistently reflected Plaintiff was oriented in all spheres or within normal cognitive limits, Tr. 297, 300, 316-317, 733, 788, and was described as cooperative, pleasant, or exhibited a normal mood and affect, and/or normal behavior, in multiple care encounters, Tr. 298, 300, 317, 329-331, 733, 789. Tr. 802.

Based on the foregoing, the medical record does not align with Plaintiff's allegations of completely disabling mental health symptoms in this case. Consequently, the Court finds the ALJ's conclusion that Plaintiff was not as limited as he alleged is properly supported.

The ALJ next noted Plaintiff's mental health symptoms improved with medication management. Tr. 801. The ALJ held that Plaintiff's mental health impairments were managed with medications such as Effexor (Venlafaxine),[2] Tr. 296-298, 318, and Ativan, Tr. 728. Tr. 801.

The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms, 20 C.F.R. § 416.929(c)(3)(iv), and an ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive, *see Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by medication cannot be considered disabling).

Plaintiff's opening briefs fail to specifically challenge this reason provided by the ALJ for discounting Plaintiff's subjective complaints. *See Carmickle,* 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not

---

[2]Plaintiff also testified at the administrative hearing his current medication, Venlafaxine, had helped with his anxiety symptoms and panic. Tr. 34.

specifically and distinctly argued in a party's opening brief). Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by discrediting Plaintiff's subjective complaints based on the effectiveness of his medication is deemed waived.

Finally, the ALJ noted certain activities of Plaintiff were inconsistent with his allegations and showed he was instead capable of performing the assessed RFC. Tr. 801-802.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F.2d at 603. For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that a claimant's activities "contradict claims of a totally debilitating impairment." *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012). A claimant, however, need not be completely incapacitated to receive disability benefits, and the completion of certain routine activities is insufficient to discount subjective symptom testimony. *Id.* at 1112-1113 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

As documented by the ALJ, and contrary to Plaintiff's assertions of disabling social anxiety, Plaintiff was able to travel to Las Vegas by plane to visit his sister,[3] Tr. 50, 331, and had been leaving his home more often to spend time with his girlfriend and other friends, Tr. 329, 332, 779. Tr. 801. It appears proper for the ALJ to have noted these reported activities as inconsistent with Plaintiff's symptom complaints. However, even if it were improper for the ALJ to find

---

[3]The Court notes Plaintiff reported to a physician assistant on August 10, 2017, that "he had been doing a lot of flying towards the end of the month." Tr. 785.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

Plaintiff's social activities inconsistent with his testimony, *see Fair*, 885 F.2d at 603 (noting one does not need to be "utterly incapacitated" in order to be disabled), the Court would find this error harmless given the ALJ's other supported reasons for finding Plaintiff less than fully credible (*see supra*). *Carmickle*, 533 F.3d at 1163 (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.    Medical Opinion Evidence**

Plaintiff contends the ALJ also erred by relying on the opinion of non-examining, non-treating doctors, and discounting the examining opinion of Kayleen Islam-Zwart, Ph.D., the findings of counselors at Frontier Behavioral Health, and the opinions of medical professionals who treated and examined Plaintiff at the Special Commitment Center. ECF No. 18 at 6-9.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester*, 81 F.3d at 830.

A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke*, 379 F.3d at 592; *Lester*, 81 F.3d at 830. In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes*, 881 F.2d at 751.

Plaintiff argues Dr. Islam-Zwart's pre-onset date examining opinion, combined with other information of record, supports a finding that he was more limited from a mental health standpoint, than as determined by the ALJ. ECF No. 18 at 6-9. While Plaintiff contends the "diagnosis and opinions" of the doctors who examined and treated Plaintiff at the Special Commitment Center and the records of the Unify Community Clinic (specifically the opinion of treating practitioner Nathan Lee, PA-C) "are the same as the findings of Kayleen Islam-Zwart, PhD, and the same as the findings of [Plaintiff's] counselors at Frontier Behavioral Health," ECF No. 18 at 7, 8, Plaintiff has not specifically described any functional limitations from these medical records, or others, that were not accounted for in the ALJ's RFC determination. Plaintiff has failed to identify any specific errors in the ALJ's analysis of the evidence. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("the mere existence of an impairment is insufficient proof of a disability."); *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001) (a claimant must prove an impairment affects his ability to perform basic work activities).

As discussed above, the ALJ assigned weight to the opinions of medical expert Martin and state agency medical consultants Lewis and Donahue, as well as "some weight" to the report of Dr. Islam-Zwart. Tr. 802-804. Drs. Martin, Lewis and Donahue opined that Plaintiff could perform work with certain social interaction restrictions. Tr. 23-24, 60, 72. Dr. Islam-Zwart's report notes normal findings on mental status exam, Tr. 287, 290-291, and only moderate restrictions,

not marked or severe, with respect to Plaintiff's abilities to perform basic work activity, Tr. 285. Moreover, medical records during the relevant time period reflected Plaintiff was oriented in all spheres or within normal cognitive limits, Tr. 297, 300, 316-317, 733, 788, and was described as cooperative, pleasant, or exhibited a normal mood and affect, and/or normal behavior, in multiple care encounters, Tr. 298, 300, 317, 329-331, 733, 789. Tr. 802.

Based on the foregoing, the Court finds that the ALJ did not err by failing to find greater mental health limitations than as assessed in the RFC determination.

**C.  RFC Assessment**

Plaintiff contends had Plaintiff's symptom claims and the opinion evidence of record been properly considered, Plaintiff's RFC determination would be assessed differently, affecting the ultimate determination regarding disability in this matter. ECF No. 13 at 16; ECF No. 18 at 9.

As determined above, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible and by assessing the medical evidence and concluding Plaintiff could perform work with certain social interaction restrictions. As such, the ALJ's RFC determination is supported by the weight of the record evidence and free of error.

At the administrative hearing, the vocational expert testified that with the restrictions assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of collator, retail marker, and stock checker. Tr. 46-47, 805. Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at step five of the sequential evaluation process in this case.

## CONCLUSION

As determined above, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible, and Plaintiff has not demonstrated any error

with respect to the ALJ's evaluation of the medical evidence of record.  As such, the Court finds the ALJ's decision should be affirmed.  Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13 & 18**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 18, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE